IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTHA JIMENEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-674-E |
| | § | |
| CVS PHARMACY, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO APPOINT COUNSEL

In this lawsuit filed by an individual who alleges that she was injured at a Dallas, Texas CVS location, "when suddenly and without warning she was struck by a dolly full of boxes," Marco Antonio Carral Pena d/b/a Marco Deliverys ("Pena") is named as a defendant, "as an individual doing business as a company in Texas" who, it is alleged, "was the individual directly involved in operating the dolly that struck the Plaintiff." Dkt. No. 11.

Pena, who answered the amended complaint *pro se*, *see* Dkt. No. 26, moves for court-appointed counsel, *see* Dkt. No. 22.

United States District Judge Ada Brown referred this non-dispositive motion to the undersigned United States magistrate judge. *See* Dkt. No. 23; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

And the motion to appoint counsel is DENIED for the following reasons.

"There is no absolute right to an attorney in [a civil] cases." *Nickols v. Morris*, 705 F. Supp. 2d 579, 584 (N.D. Tex. 2010).

So a litigant in such a case "has no right to the automatic appointment of counsel." *Morgan v. Richards*, No. 21-10931, 2023 WL 6121775, at *2 (5th Cir. Sept. 19, 2023) (per curiam) (citing *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987)); *see also Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) ("[A] *pro se* litigant, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982))).

And a court is only "required to appoint counsel for an indigent [litigant] in a civil lawsuit [if] there exist exceptional circumstances warranting such an appointment." *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021) (per curiam) (citing *Naranjo*, 809 F.3d at 799).

"[F]actors that should be considered in determining whether exceptional circumstances warrant the appointment of counsel" include "1. the type and complexity of the case; 2. the [litigant's] ability adequately to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that appointment will benefit the [parties and] the court … by 'shortening the trial and assisting in just determination.'" *Id.* (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

The Court typically considers the appointment of counsel under statutory authority: 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel."

- 2 -

And, to the extent that the amended complaint names Pena as "as an individual doing business as a company in Texas," the Court will assume for purposes of this motion that Pena is not a fictional legal person and thus may be appointed counsel under Section 1915(e)(1). *See, e.g.*, *Alli v. United States*, 93 Fed. Cl. 172, 182 (2010) ("[T]he term 'person,' as used in this provision, refers only to natural persons and thus does not cover artificial entities." (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993) (holding "that only a natural person may qualify for treatment in forma pauperis under § 1915")); *Hill v. Cobb*, No. 3:13cv0045-A-A, 2013 WL 12304066, at *2 (N.D. Miss. May 20, 2013) (noting that, "if [the *pro se* individual defendant] is simply 'doing business as' [a business], meaning that it is simply a business name through which [the individual] conducts business – and not a corporation, association, partnership, limited liability company or other such legally separate entity, then [the individual] may represent both defendants as she is actually one in the same").

But Pena has not provided the Court verified financial information – which is usually offered through a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 – so the Court cannot determine whether Pena qualifies for the appointment of counsel as an indigent litigant. *See, e.g.*, *Alli*, 93 Fed. Cl. at 183 (Section "1915(e)(1) only comes into play where a party makes the factual showing of indigence required by the statute.... [N]either BSA Corp., nor the individual plaintiffs for that matter, have made any real showing regarding their alleged indigence, let

alone that required by the statute." (cleaned up)).

Nor has Pena shown that exceptional circumstances require the appointment of counsel under Section 1915(e)(1) at this time where the only fact that he presents through the motion is that he attempted to obtain assistance from Legal Aid of Northwest Texas. *See* Dkt. No. 22 at 1.

And, so, while the current motion to appoint counsel is denied, the Court could consider appointment of counsel again, at a subsequent stage of this proceeding, at which point it would consider whether the facts of the case through that stage show that exceptional circumstances warrant appointment of counsel. *See, e.g., Morgan*, 2023 WL 6121775, at *2 ("indicat[ing] that appointment of counsel may be required at later stages of litigation even if it was not appropriate at the motions stage" and "that the district court should [consider] the facts anew at each stage, especially the trial stage" (citations omitted)).

But a prerequisite for such a renewed motion under Section 1915(e)(1) would be verified financial information.

SO ORDERED.

DATED: August 28, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE